## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JONATHAN ANDRADE,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>WARDEN, FCI FORT DIX,<br><br>　　　　Respondent. | Civil Action<br>No. 22-6169 CPO)<br><br>**OPINION** |

**O'HEARN, District Judge.**

Petitioner is a federal prisoner currently incarcerated at Federal Correctional Institution Fort Dix, in Fort Dix, New Jersey. He is proceeding *pro se* with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. For the reasons stated in this Opinion, the Court will construe the Petition as a motion under § 2255 and transfer this matter to Petitioner's sentencing court, the United States District Court for the District of Massachusetts.

Petitioner filed his Petition under § 2241, challenging the validity of his sentence. Petitioner argues that after the Supreme Court's decision in *Wooden* v. *United States*, 595 U.S. 360 (2022), his prior convictions no longer qualify him as a career offender. (ECF No. 1, at 6–7.) In *Wooden*, the Supreme Court rejected the notion that offenses committed sequentially, necessarily constitute "different occasions," and held that the different occasions inquiry required a "multi-factored" analysis. *Wooden*, 595 U.S. at 363 (finding that offenses "committed close in time, in an uninterrupted course of conduct, will often count as part of one occasion"). Based on *Wooden*, Petitioner alleges that he is entitled to resentencing, without the career offender enhancement. (ECF No. 1, at 6–7.)

Generally, however, a person must challenge the validity of a federal conviction or sentence under 28 U.S.C. § 2255. *See Jackman v. Shartle*, 535 F. App'x 87, 88–89 (3d Cir. 2013) (citing *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002)). This is true because 28 U.S.C. § 2255 prohibits a district court from entertaining a challenge to a federal conviction or sentence through § 2241 unless the remedy under § 2255 is "inadequate or ineffective." *See* 28 U.S.C. § 2255(e). More specifically, the "savings clause" in § 2255(e) states that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such a court has denied him relief, unless it also appears that the remedy by the motion is inadequate or ineffective to test the legality of his detention.

In the past, under the *Dorsainvil* exception, the Third Circuit held that § 2255 would be inadequate or ineffective, if the petitioner alleged: (1) his "actual innocence," (2) as a result of a retroactive change in substantive law that negates the criminality of his conduct, and (3) for which he had no other opportunity to seek judicial review. *In re Dorsainvil*, 119 F.3d 245, 251–52 (3d Cir. 1997); *see also Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 180 (3d Cir. 2017).

In the present case, Petitioner seeks to use the *Dorsainvil* exception and argues that § 2255 is inadequate or ineffective because his *Wooden* claim is based on an intervening change in statutory interpretation that he was unable to previously raise. (*See* ECF No. 1, at 5.)

During the pendency of this case, however, the Supreme Court decided *Jones v. Hendrix*, 599 U.S. 465 (2023), which forecloses any relief to Petitioner under § 2241. In *Jones*, the Supreme Court held "that § 2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent [the] restrictions on second or successive § 2255 motions by filing a § 2241 petition." *Id*. at 471. As a result, *Jones* abrogated the Third Circuit's

decision in *Dorsainvil*, and precludes the use of the *Dorsainvil* exception. *Id.* at 477 ("We now hold that the saving clause does not authorize such an end-run around" the Antiterrorism and Effective Death Penalty Act's restrictions on second or successive § 2255 motions.); *Voneida v. Johnson*, 88 F.4th 233 (3d Cir. 2023) (acknowledging abrogation).

*Jones* "sharply curtail[ed] the use of the savings clause for collateral attacks under § 2241," and limits its use to "the unusual circumstances in which it is impossible or impracticable for a prisoner to seek relief from the sentencing court." *Parke v. Bergami*, No. 21-20385, 2023 WL 6619636, at *2 (D.N.J. Oct. 11, 2023) (quoting *Jones*, 599 U.S. at 474). As an example, the Supreme Court explained that such circumstances include "the sentencing court's dissolution; [as] a motion in a court that no longer exists is obviously 'inadequate or ineffective' for any purpose." *Jones*, 599 U.S. at 474; *see id.* at 504 (J. Jackson, dissenting) (explaining that the "impossible or impracticable" standard effectively limits the saving clause to situations such as when the sentencing court "has burned to the ground or been carried away by a mudslide"). Additionally, "[t]he saving clause might also apply when it is not practicable for the prisoner to have his motion determined in the trial court because of his inability to be present at the hearing, or for other reasons." *Jones*, 599 U.S. at 475 (internal quotation marks omitted).

Thus, post-*Jones*, the saving clause under § 2255(e) only "preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." *Id.* at 478.

As the *Dorsainvil* exception no longer exists, Petitioner can no longer argue that the savings clause allows him to raise his *Wooden* claim in a § 2241 petition. In other words, he can no longer argue that § 2255 is inadequate or ineffective because *Wooden* was an "intervening change in

3

statutory interpretation," that he had no earlier opportunity to challenge. *Id*. at 471, 491 (finding that "§ 2255(h) specifies the two circumstances in which a second or successive collateral attack on a federal sentence is available, and those circumstances do not include an intervening change in statutory interpretation"); *see also, e.g.*, *Polk v. Warden Allenwood FCI*, No. 19-3336, 2023 WL 8665979, at *2 (3d Cir. Dec. 15, 2023); *Voneida*, 88 F.4th 233 (explaining that after *Jones* "two—and only two—conditions in which a second or successive" collateral attack may proceed, . . . and an intervening change in statutory interpretation is not among them"); *Ferguson v. Warden Fairton FCI*, No. 17-2819, 2023 WL 8295925, at *2 (3d Cir. Dec. 1, 2023). Nor has Petitioner otherwise met the "impossible or impracticable" standard, *Jones*, 599 U.S. at 474, as his sentencing court, the United States District Court for the District of Massachusetts, has not "burned to the ground or been carried away" by the waves. *Id*. at 504 (J. Jackson, dissenting).

For those reasons, even if the Petition merited relief under prior precedent, *Jones* forecloses any relief with respect to Petitioner's *Wooden* claim under § 2241. *Polk*, 2023 WL 8665979, at *2 ("[T]he 'inability of a prisoner with a statutory claim to satisfy' the requirements for filing a second or successive § 2255 motion 'does not mean that he can bring his claim in a [§ 2241] petition under the saving clause. It means that he cannot bring it at all.'") (quoting *Jones*, 599 U.S. at 480); *Voneida*, 88 F.4th 233.

Ordinarily, the Court would therefore dismiss the Petition for lack of jurisdiction under § 2241. However, when a party files a civil action in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. Here, Petitioner alleges that he has not yet filed a motion a § 2255. (ECF No. 1, at 4). Petitioner believes that he is unable to raise his *Wooden* claim in a § 2255 motion, due to the "gatekeeping provisions of § 2255(h)(2)

for second or successive motions." (*Id*. at 5.)  Those provisions, however, have no effect, if he has not yet filed his first § 2255 motion.  Indeed, § 2255(f)(3) specifically allows for a one-year limitation period to start from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable on collateral review." *See* 28 U.S.C. § 2255(f)(3).  As Petitioner filed the Petition within one year of the *Wooden* decision, the Petition could theoretically meet the requirements of § 2255(f)(3).  For those reasons, as well, § 2255 was not inadequate or ineffective to raise Petitioner's *Wooden* claim.

For all the reasons set forth above, the Court finds that it is in the interest of justice to transfer this matter to Petitioner's sentencing court.  Accordingly, the Court will construe the Petition as a motion under § 2255 and transfer this case to the United States District Court for the District of Massachusetts.[1]

DATED:  January 10, 2024

/s/ Christine P. O'Hearn
**Christine P. O'Hearn**
**United States District Judge**

---

[1] The Court makes no findings as to the merit or timeliness of Petitioner's § 2255 motion, or whether *Wooden* applies retroactively.